IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT ROCKY RODRIGUEZ,
    Petitioner,

vs.                                            Case No. 3:08cv293/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**O R D E R**

        Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis (Docs. 1, 2).

        Initially, the court notes that Petitioner has not named the proper party as Respondent. The appropriate Respondent is the person who has custody over him, namely, the Secretary of the Department of Corrections, Walter A. McNeil. *See* 28 U.S.C. § 2242; Rules Governing Section 2254 Cases 2(a). Therefore, Secretary McNeil shall be substituted as the sole Respondent in this cause, as the court has already done in the caption of this order.

        Additionally, although Petitioner filed his petition on the court-approved form, he failed to fully complete the form; therefore, he must amend the petition before this action may proceed. Question 14 on the petition form requires Petitioner to set forth each ground for relief and briefly summarize the facts supporting each ground (*see* Doc. 1 at 4). Petitioner responded by stating, "Page Attached," thereby referring the court to pages attached to his petition. This is not acceptable. The use of a prescribed form, required by Rule 5.1(J) of the Local Rules for the Northern District of Florida, was adopted for reasons of administrative convenience. This court, with its large volume of habeas actions, saves valuable time if it is not required to decipher lengthy and often unintelligible motions or petitions. This saving would be lost if Petitioner were allowed to file an incomplete form with attached pages instead of completing the form itself. In light of the

administrative benefits derived from the use of the form, Petitioner will be required to fully complete the form, even if he wishes to attach pages setting forth additional grounds and supporting facts.

To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "**Amended Petition**."  Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the previously filed petitions.  The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded.  Local Rule 15.1, Northern District of Florida.  Additionally, Petitioner shall provide two service copies of the petition in addition to the original.

Finally, from a review of the inmate bank account records attached to Petitioner's in forma pauperis application, over the six-month period prior to filing his petition, Petitioner had an average amount of $42.50 deposited into his account each month.  With the exception of payment of institutional processing fees in the average amount of $.25 per month, Petitioner has spent all of his funds in the institution's canteen.  Therefore, Petitioner shall be required to pay the $5.00 fee for filing the instant petition.

Accordingly, it is **ORDERED**:

1. The clerk is directed to send to Petitioner the form for use in Section 2254 cases.  This case number shall be written on the form.  Additionally, the clerk shall change the docket to reflect that Walter A. McNeil is substituted for the State of Florida as Respondent in this case.

2. Petitioner's application to proceed in forma pauperis (Doc. 2) is **DENIED**.  Petitioner shall submit a payment of $5.00 to the clerk of this court within **THIRTY (30) DAYS** from the date of docketing of this order.  The check should be made payable to "Clerk, U. S. District Court."  Additionally, Petitioner shall file an amended petition as instructed in this order.  Petitioner shall completely fill out the new petition form, marking it "Amended Petition."  The amended petition should not refer to the original petition.  Petitioner shall provide two (2) service copies of the amended petition in addition to the original.

3. Petitioner's failure to comply with this order within **THIRTY (30) DAYS** from the date of docketing of this order will result in a recommendation that this case be dismissed.

Case No.: 3:08cv293/RV/EMT

**DONE AND ORDERED** this 18<u>th</u> day of July 2008.

                                                  /s/ *Elizabeth M. Timothy*
                                                **ELIZABETH M. TIMOTHY**
                                                **UNITED STATES MAGISTRATE JUDGE**