IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT ROCKY RODRIGUEZ,
    Petitioner,

vs.                                            Case No. 3:08cv293/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Now pending is Respondent's amended motion to dismiss (Doc. 11) the instant amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner was provided an opportunity to respond to the motion (*see* Doc. 17), but he declined to do so.

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is established by the state court record (Doc. 11, Exhibits). On September 28, 2005, Petitioner entered a plea of nolo contendere, pursuant to a written plea agreement, in Escambia County Circuit Court case numbers 04-0485 and 2005-CF-001701 to one count of obtaining drugs by fraud and one count of escape, respectively (Doc. 11, Ex. D, Ex. E at 8–36). He was adjudicated guilty in both cases, and sentenced as a habitual felony offender in case number 2005-CF-001701 to fifteen (15) years of imprisonment with jail credit of 188 days, and in case number 04-0485, he was sentenced to a term of five (5) years of imprisonment with jail credit of 324 days, to run concurrently with the sentence imposed in case number 2005-CF-001701 (Doc. 11, Ex. E at 8–36, 51–60). Petitioner did not directly appeal the judgment.

On October 10, 2006, Petitioner filed a motion for postconviction relief titled "Motion for Leave to Amend Rule 3.850 Motion for Postconviction Relief" in case number 2005-CR-001701 (Doc. 11, Ex. E at 1–5). The trial court issued an order holding the motion in abeyance to allow Petitioner to submit any previously filed Rule 3.850 motion, since the docket did not reflect that Petitioner had previously filed one (*id.* at 6–7). The order provided that if Petitioner chose not to submit any additional motion, the court would treat the motion to amend as a Rule 3.850 motion (*id.*). On January 29, 2007, Petitioner filed a "full and correct" Rule 3.850 motion (*id.* at 37–44). On March 7, 2007, the trial court summarily denied the motion (*id.* at 45–50). Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without written opinion on February 20, 2008, with the mandate issuing April 24, 2008 (Doc. 11, Ex. E at 80, Exs. F, G, H, I). Rodriguez v. State, 978 So. 2d 163 (Fla. 1st DCA Feb. 20, 2008) (Table).

Petitioner filed the instant federal habeas petition on July 3, 2008, challenging only his conviction in case number 2005-CF-001701 (Doc. 1 at 1, 6). He subsequently filed an amended petition asserting the following grounds for relief:

> Ground one: Ineffective assistance of counsel. On 9-28-05 at my sentencing my attorney of record P.D. Frederick Carmody was not present in court. There was another P.D. there in his place, L. Obin, who I met with briefly for about five minutes. This case should have been continued till [sic] my attorney of record could be present. Not even the best of attorneys could be ready for a case like this in five minutes. My attorney of record knew details of my case that could of [sic] changed the outcome of my sentence.
>
> Ground two: Plea was unlawfully induced or coerced. On 9-28-05 I entered a plea of nolo contendere and was sentenced to 15 years only because I was told if I don't I will receive 30 years for violent career criminal. I was told this by P.D. L. Obin and State Attorney Lee Robinson. I agreed to this plea under the fear of receiving 30 years. Proof to [sic] the threats made can be found in my 9-28-05 sentencing transcripts.

(Doc. 5 at 4).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1). It is now well established that when a Florida defendant does not directly appeal his conviction, the conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence. *See* Fla. R. App. P. 9.110(b); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal his conviction or sentence, the judgment of conviction and sentence becomes final when 30-day period for filing an appeal expires). In the instant case, the Escambia Circuit Court rendered its judgment on September 28, 2005 (Doc. 11, Ex. E at 52). *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal). Therefore, Petitioner's conviction became final on October 29, 2005, and he had one year from that date, or until October 29, 2006, to file his federal petition.

Petitioner did not file his federal petition on or before October 29, 2006; however, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed his first Rule 3.850 motion on October 10, 2006, after 345 days of the 365-day limitations period ran. That motion was pending until April 24, 2008, the date of the First DCA's mandate affirming the trial court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). Petitioner filed his federal petition sixty-nine (69) days later, on July 3, 2008; however, the

federal limitations period had already expired (345 + 69 = 414). Therefore, the federal petition is untimely.

Petitioner does not allege grounds for equitable tolling, or that any other exception to the time bar applies. Therefore, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's amended motion to dismiss (Doc. 11) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (Doc. 5), challenging the judgment of conviction and sentence entered in Escambia County Circuit Court Case No. 2005-CF-001701A, be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this  25th  day of March 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**